## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ADVANCED MEDIA NETWORKS, LLC, | C.A. No. 14-1495-GMS |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | |
| CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS, | |
| Defendants. | |
| ADVANCED MEDIA NETWORKS, LLC, | C.A. No. 14-1518-GMS |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | |
| T-MOBILE US, INC.; and T-MOBILE USA, INC., | |
| Defendants. | |
| ADVANCED MEDIA NETWORKS, LLC | C.A. No. 15-0142-GMS |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | |
| SPRINT COMMUNICATIONS, INC., SPRINT CORPORATION, BOOST WORLDWIDE, INC., VIRGIN MOBILE USA, INC., VIRGIN MOBILE USA, L.P., CLEARWIRE CORPORATION, AND CLEARWIRE COMMUNICATIONS, L.L.C., | |
| Defendants. | |

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO LIFT STAY

YOUNG CONAWAY STARGATT
     & TAYLOR, LLP

Anne Shea Gaza (#4093)
Samantha G. Wilson (#5816)
Rodney Square
100 North King Street
Wilmington, DE  19801
(302) 571-6600
agaza@ycst.com
swilson@ycst.com

OF COUNSEL:

Asim Bhansali
Adam Lauridsen
Justina K. Sessions
KEKER & VAN NEST LLP
633 Battery Street
San Francisco, CA 94111
(415) 391-5400

Attorneys for Defendants T-Mobile US, Inc. and
T-Mobile USA, Inc.

ROSS ARONSTAM & MORITZ LLP

Benjamin J. Schladweiler (#4601)
100 S. West Street, Suite 400
Wilmington, DE  19801
(302) 576-1600
bschladweiler@ramllp.com

OF COUNSEL:

Darcy L. Jones
Marcus A. Barber
KASOWITZ BENSON TORRES &
FRIEDMAN LLP
333 Twin Dolphin Drive
Suite 200
Redwood Shores, CA 94065
(650) 453-5170

Attorneys for Defendant Cellco Partnership
d/b/a Verizon Wireless

MORRIS, NICHOLS, ARSHT
   & TUNNELL LLP

Karen Jacobs (#2881)
Jennifer Ying (#5550)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
kjacobs@mnat.com
jying@mnat.com

OF COUNSEL:

George J. Barry III
MCGUIRE WOODS LLP
1230 Peachtree Street, N.E.
Suite 2100
Atlanta, GA  30309
(404) 443-5500

David E. Finkelson
MCGUIRE WOODS LLP
One James Center
901 East Cary Street
Richmond, VA  23219
(804) 775-1000

Rachelle H. Thompson
MCGUIREWOODS LLP
434 Fayetteville Street, Suite 2600
Raleigh, NC  27601
(919) 755-6600

Attorneys for Defendants Sprint
Communications, Inc., Sprint Corporation,
Boost Worldwide, Inc., Virgin Mobile
USA, Inc., Virgin Mobile USA, L.P.,
Clearwire Corporation, and Clearwire
Communications, L.L.C.

Dated:  November 30, 2015

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ...........................................................................................................1

II.     STATEMENT OF FACTS AND NATURE AND STAGE OF THE
        PROCEEDINGS ...........................................................................................................2

        A.      The asserted patent and accused products. ...........................................................2

        B.      AMN waited from at least 2009 to 2014 before filing these lawsuits,
                which are in their infancy. ...................................................................................3

        C.      AMN has brought a slew of lawsuits on the '074 patent in six different
                district courts in the last five years. .......................................................................4

        D.      Third parties initiated a series of reexamination proceedings, during which
                AMN made claim-construction arguments to distinguish over prior art. ................6

        E.      T-Mobile intends to file a petition for *inter partes* review of the '074
                patent by  late-December. .....................................................................................7

III.    SUMMARY OF ARGUMENT ........................................................................................8

IV.     ARGUMENT ...............................................................................................................9

        A.      A stay is likely to greatly simplify the issues. ......................................................9

        B.      The litigation is at an early stage. .......................................................................12

        C.      A stay would not unduly prejudice AMN nor present AMN with a clear
                tactical disadvantage. .........................................................................................12

V.      CONCLUSION ............................................................................................................16

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*ActiveVideo Networks, Inc. v. Verizon Commcn's, Inc.*,
  694 F.3d 1312 (Fed. Cir. 2012)...............................................................................1

*Advanced Media Networks, L.L.C. v. Inmarsat Inc. et al.*,
  10-cv-00194, D.I. 1 (S.D.N.Y. Jan. 11, 2010) ..........................................................5

*Advanced Media Networks LLC v. AT&T Inc. et al.*,
  15-3496-N (N.D. Tex. 2015) ...............................................................................4, 5

*Advanced Media Networks, LLC v. Gogo LLC et al.*,
  11-cv-10474, D.I. 1 (C.D. Cal. Dec. 19, 2011)...........................................................5

*Advanced Media Networks, LLC v. T-Mobile US, Inc. et al.*,
  2:14-cv-00990-JRG-RSP (E.D. Tex. 2014)...........................................................3, 13

*Advanced Media Networks, LLC v. Viasat, Inc. et al.*,
  15-cv-0143-BEN, D.I. 1 (S.D. Cal. Jan. 1, 2015).......................................................5

*Bonutti Skeletal Innovations, L.L.C. v. Zimmer Holdings, Inc.*,
  12-CV-1107-GMS, 2014 WL 1369721 (D. Del. Apr. 7, 2014)...................................... passim

*Davoll Inc. v. Atrium Med. Corp.*,
  12-958-GMS, 2013 WL 3013343 (D. Del. June 17, 2013) ..................................................16

*Ever Win Int'l Corp. v. RadioShack Corp.*,
  902 F. Supp. 2d 503 (D. Del. 2012)...................................................................12, 13

*Fifth Market Inc. v. CME Corp.*,
  08-520-GMS, 2013 WL 3063461 (D. Del. June 19, 2013) ..................................................15

*Gioello Enters. Ltd. v. Mattel, Inc.*,
  99-375-GMS, 2001 WL 125340 (D. Del. Jan. 29, 2001) ....................................................11

*ImageVision.Net, Inc. v. Internet Payment Exch., Inc.*,
  12-054-GMS, 2012 WL 5549338 (D. Del. Nov. 15, 2012)...................................................16

*Market-Alerts Pty. Ltd. v. Bloomberg Finance L.P.*,
  922 F. Supp. 2d 486 (D. Del. 2013).....................................................................12

*Neste Oil OYJ v. Dynamic Fuels, LLC*,
  12-1744-GMS, 2013 WL 3353984 (D. Del. July 2, 2013).............................................2, 9, 16

**STATUTES**

35 U.S.C. § 285.................................................................................................................14

35 U.S.C. § 314(a) .............................................................................................................9

35 U.S.C. § 315(b) ........................................................................................................7, 15

35 U.S.C. § 315 (e)(2).......................................................................................................10

**OTHER AUTHORITIES**

37 C.F.R. § 42.108(c)..........................................................................................................9

http://www.uspto.gov/sites/default/files/documents/2015-10-31%20PTAB.pdf .........................10

## I.     INTRODUCTION

AMN asks the Court to lift the temporary stay and deny Defendants' motion to stay these cases because *ex parte* reexamination proceedings have ended.  But it would be premature to lift the stay now because at least T-Mobile intends to file a petition for *inter partes* review within a few weeks, which other defendants may join.  Given its history of delay, forum shopping, and inconsistent positions, AMN will suffer no prejudice from a stay pending final decision on IPR. AMN is not a competitor to Defendants,[1] and therefore would not have the ability to seek any relief other than monetary relief.[2]  The Court should continue the stay for so long as T-Mobile's IPR petition is pending, with a provision to terminate the stay if T-Mobile's IPR petition is not accepted for filing by January 31, 2016.[3]

A stay here would serve the same purpose it does in many cases involving IPR: it could significantly streamline, or eliminate altogether, all of the issues in this case.  This Court recently entered a stay prior to institution of an IPR in *In-Depth Test LLC v. Linear*, reasoning that "if [Defendant's] motion for *inter partes* review is granted, it is very likely to simplify the issues in question and streamline the trial."[4]  As here, the Court also continued the stay pending the filing of a second IPR after the first IPR was terminated.[5]  The same reasoning applies in this case.

---

[1] AMN concedes as much in its motion, arguing only that the stay impairs its ability to generate licensing revenue.  *See* D.I. 30 (AMN Mot.) at 3.  Unless otherwise noted, all D.I. references cited herein are to C.A. No. 14-1518-GMS.

[2] *See, e.g.*, *ActiveVideo Networks, Inc. v. Verizon Commc'n's, Inc.*, 694 F.3d 1312, 1337-38 (Fed. Cir. 2012) (holding that patentee's harm from infringement by non-direct-competitor was "certainly not irreparable" and thus patentee was not entitled to injunctive relief).

[3] T-Mobile intends to file the IPR petition by mid-December.  The PTAB may take a few weeks to accept the petition and give it a filing date, especially with the holiday season approaching. A January 31, 2016 deadline for the PTAB's acceptance for filing of the petition is, therefore, appropriate.

[4] Case No. 14-cv-1091-GMS, D.I. 22 (Sept. 3, 2015 Order).

[5] *Id.*

Further, a stay pending IPR is uniquely warranted here, given AMN's history of taking inconsistent positions when defending validity versus asserting infringement.  The Court and the parties may benefit greatly from the insights that an adversarial validity proceeding can provide.

The Court should also reject the "form over substance" procedural argument in which AMN argues that the Court should not grant a stay pending IPR because the current motion only addresses a stay pending *ex parte* re-exam.  The Court has discretion to order a stay on whatever terms it deems appropriate.[6]  But even if the Court were inclined to accept AMN's narrow view of the Court's discretion, the appropriate remedy would be a continuation of the stay with an order directing T-Mobile (and any other defendant wishing to join) to file a stay motion within twenty-one days following acceptance of filing of any IPR—not rejection of a stay outright.

## II.     STATEMENT OF FACTS AND NATURE AND STAGE OF THE PROCEEDINGS

### A.     The asserted patent and accused products.

The '074 patent was filed on September 23, 1996 and issued on September 28, 1999.[7]  The patent generally relates to a "telecomputer network" comprising (i) a redundant digital microwave communication system; (ii) a mobile hub; and (iii) a wireless local area network.[8]  AMN alleges that the '074 patent is relevant to "mobile Wi-Fi hotspot" technology, and that

---

[6] *See Bonutti Skeletal Innovations, L.L.C. v. Zimmer Holdings, Inc.*, 12-CV-1107-GMS, 2014 WL 1369721, at *2 (D. Del. Apr. 7, 2014); *Neste Oil OYJ v. Dynamic Fuels, LLC*, 12-1744-GMS, 2013 WL 3353984, at *1 (D. Del. July 2, 2013).

[7] *Advanced Media Networks, LLC v. T-Mobile US, Inc. et al.*, 14-1518-GMS, D.I. 1, Ex. A ('074 patent).

[8] *Id*. at Abstract.

Defendants infringe through providing such "hotspot" features in devices that operate on their networks.[9]

### B.    AMN waited from at least 2009 to 2014 before filing these lawsuits, which are in their infancy.

Defendants began offering certain "mobile Wi-Fi hotspot" services at least as early as 2009—over five years before AMN filed these suits.[10]  And AMN allegedly wrote T-Mobile and Verizon letters in 2012 accusing their hotspot and tethering products of infringement.[11]  Yet AMN waited until October 2014 to bring its first lawsuit, which it later dismissed, apparently to shop for a better forum.  On October 22, 2014, AMN filed suit against T-Mobile in the Eastern District of Texas alleging infringement of the '074 patent.[12]  Then, just days before T-Mobile's responsive pleading was due, AMN voluntarily dismissed that case, without explanation.[13]

But before dismissing that case, on December 18, 2014, more than 15 years after the '074 patent issued in September 1999, AMN sued Verizon in this Court.[14]  AMN then waited six days and—immediately after judicial assignment of the case against Verizon was made—dismissed its Texas suit against T-Mobile and re-filed in this District, and filed new cases against the other

---

[9] *See, e.g.*, *T-Mobile*, 14-1518-GMS, D.I. 1 (T-Mobile Compl.), at ¶¶ 32-38.

[10] *See* D.I. 21 (Defs. Mot. to Stay) at 5; *see also* D.I. 22-1 (Gaza Decl. Ex. 1).

[11] *T-Mobile*, 14-1518-GMS, D.I. 1 (T-Mobile Compl.),¶ 41; *Verizon*, 14-cv-1495-GMS, D.I. 1 (Verizon Compl.) ¶ 39.

[12] *Advanced Media Networks, LLC v. T-Mobile US, Inc. et al.*, 2:14-cv-00990-JRG-RSP, D.I. 1 (E.D. Tex. 2014).

[13] *Id.* at D.I. 16.

[14] D.I. 1 (Verizon Compl.).

Defendants in this District.[15]  Then, two months later, AMN filed copycat suits against Sprint and U.S. Cellular.[16]

Verizon, T-Mobile, and Sprint filed their answers on February 9, 2015, February 9, 2015 and May 1, 2015 respectively.[17]  U.S. Cellular answered on July 20, 2015.  Before the Court entered a case schedule, Verizon, T-Mobile, and Sprint moved to stay these cases during then-pending *ex parte* reexamination proceedings.[18]  The Court temporarily stayed the cases while it considered Defendants' motion.[19]  The *ex parte* reexamination concluded on November 13, 2015.[20]

Inexplicably, AMN did not sue AT&T, which is one the largest wireless carriers in the country, at the same time or in the same place as any of Verizon, T-Mobile, Sprint or U.S. Cellular.  Instead, AMN waited another eight months after suing Sprint and U.S. Cellular, and then sued AT&T in the Northern District of Texas.[21]

**C.      AMN has brought a slew of lawsuits on the '074 patent in six different district courts in the last five years.**

In addition to its current lawsuits against certain cellular service providers in this District, AMN has filed a host of other lawsuits on the '074 patent in courts all over the country:

---

[15] *T-Mobile*, 14-1518-GMS, D.I. 1 (T-Mobile Compl.).

[16] *Advanced Media Networks, LLC v. United States Cellular Corp.*, 15-0131-GMS D.I. 1 (D. Del. 2015); *Advanced Media Networks, LLC v. Sprint Corp. et al.*, 15-0142-GMS D.I. 1 (D. Del. 2015).

[17] *Verizon*, 14-1495-GMS, D.I. 9; *T-Mobile*, 14-1518-GMS, D.I. 10; *Sprint*, 15-0142-GMS, D.I. 16.

[18] D.I. 21 (Defs. Mot. to Stay).

[19] *See* July 2, 2015 Minute Entry.

[20] *See* D.I. 31-1.

[21] *Advanced Media Networks LLC v. AT&T Inc. et al.*, 15-3496-N (N.D. Tex. 2015).

- In 2010, AMN sued airplane WiFi providers in the United States District Court for the Southern District of New York.[22]  The parties settled after briefing claim construction.[23]

- A year later, in 2011, AMN sued other airplane WiFi providers in the United States District Court for the Central District of California.[24]  The parties settled almost immediately after the court issued its claim-construction order.  AMN specifically told the court that the settlement was contingent on the court vacating that order.[25]

- On January 21, 2015, AMN sued yet more airplane WiFi and in-flight entertainment providers in the United States District Court for the Southern District of California.[26]

- In May 2015, AMN filed lawsuits against various car manufacturers (GM, FCA US LLC, Mercedes-Benz, and Volkswagen) in this District.[27]

- On October 27, 2015, AMN sued AT&T in the United States District Court for the Northern District of Texas.[28]

---

[22] *Advanced Media Networks, L.L.C. v. Inmarsat Inc. et al.*, 10-cv-00194, D.I. 1 (S.D.N.Y. Jan. 11, 2010).

[23] *Id.* at D.I. 112.

[24] *Advanced Media Networks, LLC v. Gogo LLC et al.*, 11-cv-10474, D.I. 1 (C.D. Cal. Dec. 19, 2011).

[25] *Id.* at D.I. 161 ¶ 5.

[26] *Advanced Media Networks, LLC v. Viasat, Inc. et al.*, 15-cv-0143-BEN, D.I. 1 (S.D. Cal. Jan. 1, 2015).

[27] *Advanced Media Networks LLC v. General Motors Co. et al.*, 15-0403-GMS (D. Del. 2015); *Advanced Media Networks LLC v. FCA US LLC*, 15-0405-GMS (D. Del. 2015); *Advanced Media Networks LLC v. Mercedes-Benz USA LLC*, 15-0410-GMS (D. Del. 2015); *Advanced Media Networks LLC v. Volkswagen Group of Am., Inc.*, 15-0420-GMS (D. Del. 2015).

[28] *AT&T*, 15-3496-N, D.I. 1 (N.D. Tex. 2015)

**D.      Third parties initiated a series of reexamination proceedings, during which AMN made claim-construction arguments to distinguish over prior art.**

Defendants have not initiated any of the *ex parte* reexaminations to date.  During each of these prior reexaminations, AMN successfully distinguished the '074 patent over the prior art by arguing positions that directly contradict those AMN has taken in district-court litigation.  By way of non-limiting example only:

- AMN has repeatedly argued in reexamination that the claimed mobile nomadic hub had to be able to "communicate while moving from one location to another" and thus was not anticipated by prior art that used line-of-sight transmission links.[29]  But in district court claim-construction briefing, AMN urged that the "transmission/reception point" did ***not*** need to be "moveable with respect to both networks" and pointed out that "[t]he specification describes embodiments where the mobile hub is operational when stationary and embodiments in which it is operational when non-stationary."[30]

- In the first reexamination and several thereafter, AMN also argued that the claimed local area network and redundant digital microwave communication system had to use the same protocol.[31]  But, in district court litigation, AMN argued that the claims were no so limited, and explicitly argued that a single-protocol requirement was "inconsistent with

---

[29] *See* D.I. 22-1, Gaza Decl. Ex. 4 ('383 Reexamination, June 15, 2015 Response to Office Action) at 113-114 and 126-127 of 134; *see also* D.I. 22-1, Gaza Decl. Ex. 2 ('728/'789 Reexamination, Statement of Reasons for Patentability), at 26-27 of 134.

[30] Declaration of Justina K. Sessions, Ex. A (AMN's Opening Claim Constr. Br., *Gogo* case, D.I. 81) at 24.

[31] "The '074 Patent specifies and claims the use of the same communications protocols (TCP/IP Ethernet) for the WAN and LAN." *Id.*, Ex. B ('992 Reexamination, Statement of Reasons for Patentability) at 2; *see also id.* Ex. C (Aug. 15, 2011 Mc Nally Declaration) ¶ 6.

the Patent as well as how communications technology is designed to be used in practice."[32]

The most recent reexamination certificate issued on November 13, 2015.[33]

      **E.**      **T-Mobile intends to file a petition for *inter partes* review of the '074 patent by late-December.**

T-Mobile is in the process of preparing a petition for *inter partes* review on nearly all of the '074 patent's claims.[34]  Contrary to AMN's speculation, T-Mobile expects to present invalidity grounds that the USPTO did not consider during prosecution.[35]  One ground will present a primary prior art reference that was not before the USPTO at all.  The other ground will present a primary prior art reference that was part of an information disclosure, but was not substantively considered—and not considered in combination with the other, new, references.[36]

The '074 patent will likely expire before the Patent Trial and Appeal Board ("PTAB") renders a final decision on T-Mobile's IPR petition.  Under these circumstances, the PTAB will use the *Phillips v. AWH Corp.* claim-constriction standard, rather than the "broadest reasonable construction" standard applicable to unexpired patents.[37]

The deadline for T-Mobile to file its petition is December 29, 2015—just a few weeks away.[38]  T-Mobile expects that the PTAB will render a decision on whether to institute review

---

[32] *Id.*, Ex. D (AMN's Opening Claim Constr. Br.*, Inmarsat* case) at 17-18.

[33] *See* D.I. 31-1.

[34] Sessions Decl., ¶ 2.

[35] *Id.* ¶ 3.

[36] *Id.*

[37] *See id.* Ex. E (IPR2015-00969, Paper 8 (Institution Decision dated Sept. 23, 2105)) at 6-7.

[38] *See* 35 U.S.C. § 315(b) (petition must be filed within one year of service of complaint); *see also T-Mobile*, 14-1518-GMS, D.I. 4, 5 (service on T-Mobile effected Dec. 29, 2014).

within approximately six months of T-Mobile's filing date.  Additionally, other Defendants may

elect to join in the petition.

## III.     SUMMARY OF ARGUMENT

The Court should stay these cases for three reasons:

1.      A stay will simplify the issues for trial, not just in this case but in AMN's other cases

pending in this District.  An IPR proceeding is likely to result in the cancellation of at least some

of the claims AMN asserts.  AMN itself acknowledges that IPR proceedings are more likely to

result in the cancellation of patent claims than the prior reexaminations.  And, unlike the prior

reexaminations, the *inter partes* review will employ the same claim-construction standard

applicable in this Court.  Thus, the IPR is likely to streamline and clarify claim-construction

disputes even if it is not ultimately instituted.

2.      AMN's cases remain in their infancy.  Defendants have responded to AMN's complaints

but no discovery or other proceedings have occurred and no Scheduling Order has been entered.

A stay now will allow the Court and the parties to avoid having to invest substantial resources to

litigate the scope, application and validity of the '074 patent while the scope and validity of the

patent are also being considered by the PTAB.

3.      AMN will not be prejudiced by a stay.  AMN waited years and years before filing suit

against Defendants, and then further added to its own delay by forum shopping.  AMN's

decision to wait another six months and sue AT&T in an entirely different forum belies alleged

prejudice to AMN from a stay in this case.  AMN is not a commercial competitor of any of the

Defendants, and therefore can be fully compensated by monetary damages.  Finally, AMN's

suggestion that delays resulting from reexamination or IPR proceedings "must end at some

point" is inappropriate given that no Defendant in these actions requested any of the prior

reexaminations, and all of the prior reexaminations were instituted before AMN even filed the instant suits.

4.      For these reasons and those below, AMN's actions against Defendants should be stayed.

## IV.      ARGUMENT

District courts have inherent authority to stay patent litigation proceedings pending *inter partes* review of a patent-in-suit.[39]  In exercising their broad discretion, courts within this District consider three factors to determine whether a stay is appropriate: (1) whether a stay will simplify the issues for trial; (2) whether discovery is complete and a trial date is set; and (3) whether granting a stay would cause the non-moving party to suffer undue prejudice.[40]  All three factors strongly favor a stay here.

### A.      A stay is likely to greatly simplify the issues.

This Court recently granted a stay in favor of a pending IPR petition, finding that, if the petition were granted, "it is very likely to simplify the issues in question and streamline the trial."[41]  And this Court then continued the stay in favor of a second IPR after the first IPR was not instituted.[42]  Likewise, here, an IPR is very likely to simplify the issues and streamline the trial in these cases for two reasons.

*First*, the IPR is likely to result in the cancellation of all or some of the patent claims asserted in these actions.  The PTAB will institute the IPR if it determines "that there is a reasonable likelihood that the petitioner will prevail with respect to at least 1 of the claims

---

[39] *Bonutti Skeletal*, 2014 WL 1369721, at *2; *Neste Oil OYJ*, 2013 WL 3353984, at *1.

[40] *See id.*

[41] *In-Depth Test*, 14-cv-1091-GMS, D.I. 22 at 2 n.1.

[42] *Id.*

challenged in the [IPR] petition."[43]   The PTAB institutes roughly 59% of the petitions filed that

do not settle prior to an institution decision.[44]   And, once an IPR is instituted, the PTAB cancels

at least one claim 86% of the time.[45]   As AMN's counsel acknowledged, an IPR is far more

likely to result in cancellation of patent claims than a reexamination: During the hearing on

Defendants' motion to stay, counsel for AMN argued that "unlike the IPR, the ex parte

reexamination procedure almost always favored the plaintiffs or the patentholder."[46]   Thus, there

is a reasonable likelihood—and a greater likelihood than presented in the prior reexamination

proceedings—that T-Mobile's IPR petition will result in the elimination of one or more of the

claims at issue in these cases.   Even if all claims are not cancelled, the IPR petition will

significantly streamline invalidity litigation in this Court.   For example, T-Mobile (and any other

Defendant who joins) will be estopped from relying on prior-art combinations that the PTAB

actually considers during any instituted IPR under 35 U.S.C. § 315 (e)(2).   This has the potential

to drastically reduce the scope of invalidity litigation.

   *Second*, the IPR will streamline the issues even if it is not instituted.   T-Mobile's IPR

petition will be considered using the same claim-construction standard that applies in this Court.

Thus, assuming it files a Patent Owner's response to T-Mobile's position, AMN will have to lay

out its claim-construction positions under the same legal standard as this Court would ultimately

apply.[47]   The parties' arguments concerning claim construction may eliminate or narrow some

---

[43] 35 U.S.C. § 314(a); *see also* 37 C.F.R. § 42.108(c); *see also Neste Oil OYJ*, 2013 WL 3353984, at *4.

[44] http://www.uspto.gov/sites/default/files/documents/2015-10-31%20PTAB.pdf at 8-9.

[45] *Id.*   The PTAB cancels at least one claim in 84% of completed IPR trials (*i.e.*, trials that do not settle).

[46] D.I. 26 (July 2, 2015 Hrg. Tr.) at 9:7-9.

[47] *See* Section II.E and n.33, *supra*.

claim-construction disputes—obviating the need to litigate them in this Court.  Moreover, the

Court may find the PTAB's conclusions concerning claim constructions under the *Phillips*

standard relevant to any subsequent claim construction in this Court.

AMN suggests that T-Mobile's IPR petition is unlikely to succeed because the '074

patent has already been through four reexaminations.  But AMN had not sued Defendants before

any of these reexaminations were instituted, Defendants had no part in those reexaminations, and

T-Mobile's petition will raise grounds for invalidity that the USPTO has not previously

considered.[48]  Moreover, AMN has, thus far, been able to preserve the '074 patent's validity only

by arguing for claim constructions far narrower than those it has advocated in district court

litigation.[49]  AMN will not be able to hide behind differing claim-construction standards in the

forthcoming IPR proceedings.  The IPR proceeding will force AMN to maintain some modicum

of consistency and make hard choices between preserving the patent's validity and its

infringement allegations here.

A stay pending resolution of T-Mobile's IPR petition will likely simplify the issues

before the Court and "maximize the likelihood that neither the Court nor the parties expend their

assets addressing invalid claims."[50]  Just as in *In-Depth Test*, this Court can avoid needless

duplicative litigation of claims that are likely to be cancelled by staying these cases pending T-

Mobile's IPR petition.

---

[48] Sessions Decl. ¶3.

[49] *See* Section II.D, *supra*.

[50] *See Gioello Enters. Ltd. v. Mattel, Inc.*, 99-375-GMS, 2001 WL 125340, at *2 (D. Del. Jan. 29, 2001) (quotation marks omitted).

### B.      The litigation is at an early stage.

"Because Defendant's motion to stay was filed early in this case, this factor weighs strongly in favor of a stay."[51]  The stage of litigation "weigh[s] strongly in favor of a stay" when no conferences with the court have occurred, no schedules have been set, and no substantive motions have been filed.[52]

AMN's actions are in their infancy.  The defendants have answered AMN's complaints, but no other proceedings on the merits have taken place.  The Court has not issued a scheduling order or set a trial date.  AMN has not taken any discovery.  Hitting pause now would not lead to any wasted effort on the Court or the parties' parts.  But forcing this case forward while the IPR petition is pending risks significant duplication and inefficiency.

### C.      A stay would not unduly prejudice AMN nor present AMN with a clear tactical disadvantage.

To determine whether a plaintiff might be unduly prejudiced by a stay, courts within this District look to considerations such as the timing of the stay request, whether the plaintiff may be compensated through future money damages, the timing of the IPR request, and the status of the IPR proceedings.[53]  All of these considerations favor a stay.

---

[51] *Ever Win Int'l Corp. v. RadioShack Corp.*, 902 F. Supp. 2d 503, 507-08 (D. Del. 2012) (noting that "[n]o initial disclosures have been exchanged, no Scheduling Order has been entered, no discovery has occurred, claim construction has not been briefed, and neither a *Markman* hearing nor a trial date have been set").

[52] *Market-Alerts Pty. Ltd. v. Bloomberg Finance L.P.*, 922 F. Supp. 2d 486, 494 (D. Del. 2013).

[53] *See Bonutti Skeletal*, 2014 WL 1369721, at *2.

While AMN claims that it is injured by the delay resulting from the stay, it is well settled that mere delay in litigation "does not, by itself, amount to undue prejudice."[54]  The lack of prejudice is confirmed here by the fact that AMN never sought a preliminary injunction.[55]

AMN itself has shown that it would not be prejudiced by a stay, based on its own significant delay in enforcing its patent.  AMN began filing suits alleging infringement of the '074 patent several years ago, around the same time that Defendants began releasing "mobile hotspot" products.[56]  By 2009, Defendants had already begun releasing certain "mobile hotspot" products.  But AMN waited five years to file suits against Defendants.  And even after AMN commenced its suits against Defendants, it created further delay by its own forum shopping—for example, by filing, then voluntarily dismissing, a virtually identical lawsuit against T-Mobile in the Eastern District of Texas.[57]  This piecemeal litigation and forum-shopping has only continued.  After suing several major wireless carriers in these cases, AMN waited almost a year and then sued AT&T in a different district court.  The only plausible explanation for this piecemeal litigation is forum shopping or the hope of taking inconsistent positions in different litigations.  AT&T—a large wireless carrier—is often sued alongside Defendants in this Court.[58]  Convenience does not explain AMN's decision to seek a different forum for suing AT&T; in this case AMN sued Verizon hundreds of miles from its home district, and T-Mobile and Sprint

---

[54] *Id.* at *2; *see also Enhanced Sec. Research*, 2010 WL 2573925, at *3 (delay in resolution of litigation "alone does not warrant a finding that Plaintiffs will be unduly prejudiced").

[55] *See Ever Win*, 902 F. Supp. 2d at 511 ("Plaintiff never sought a preliminary injunction, which suggests that any prejudice to Plaintiff that might result from delaying the ultimate resolution of this dispute is not as severe as it contends.").

[56] *See* D.I. 22-1 (Gaza Decl. Ex. 1).

[57] *See Advanced Media Networks, LLC v. T-Mobile US, Inc. et al.*, 2:14-cv-00990-JRG-RSP (E.D. Tex. 2014).

[58] *See, e.g.*, Case Nos. 13-cv-00550-GMS; 13-cv-00551-GMS; 13-cv-00552-GMS; 13-cv-00553-GMS; 13-cv-00554-GMS.

thousands of miles from their home districts.  AMN's actions belie its assertions of urgency in this case (or any particular case).

Yet AMN contends that "Defendants' continued infringement impairs AMN's ability to generate licensing revenue from its patents."[59]  To the extent that AMN contends that a stay would impair AMN's ability to license the patent to *others*, that proposition lacks support. AMN's pending litigation against airplane WiFi providers did not stop it from allegedly sending demand letters to T-Mobile and Verizon in 2012.  Nor has AMN's pending litigation against the instant Defendants stopped it from filing additional lawsuits against other wireless providers and car manufacturers.  Thus, the fact that some litigation is pending has never impaired AMN's willingness to send licensing demand letters or file other lawsuits.  To the extent that AMN contends that a stay in these cases impairs its ability to "generate licensing revenue" from the instant Defendants, that argument amounts to no more than an argument that any delay in and of itself is prejudicial.  As discussed above, this Court has previously rejected that proposition, and should do so here as well.  AMN's argument also is a concession that AMN does not compete with Defendants as it does not contend that it is losing any revenue to Defendants; instead it wants to use licensing revenue to fund *other* operations.

Unlike AMN, who has delayed its own cases in favor of form-shopping, Defendants will be severely prejudiced if a stay is not granted.  Defendants will incur significant litigation expenses defending against a likely invalid patent.  Unless these cases are later deemed to be exceptional under 35 U.S.C. § 285, those expenses are not recoverable.  And beyond monetary concerns, the litigation also imposes substantial burdens on Defendants' employees and takes

---

[59] D.I. 30 (AMN Mot.) at 3.

them away from their normal responsibilities.  Thus, the harm to Defendants weighs heavily in favor of granting a stay.

The timing of the stay request, and of T-Mobile's IPR petition, also favors a stay. Defendants are requesting this stay at an early stage of the litigation, and as soon as the content of the forthcoming IPR petition was reasonably solidified.  T-Mobile will file its IPR petition within the one-year deadline mandated by 35 U.S.C. § 315(b).[60]  In *Bonutti Skeletal*, this Court found that IPR petitions filed within the statutory deadline, and before "the court had set a schedule and before discovery had commenced . . . were filed in a timely fashion" favored a stay.[61]

AMN's suggestion that the timing of this stay request, or the IPR petition, is somehow "tactical" rests on a faulty premise.  AMN suggests that Defendants are about to file "yet another petition."[62]  But Defendants have not previously filed a single request for review of the '074 patent with the USPTO or the PTAB.  AMN's citation to *Fifth Market Inc. v. CME Corp.* is, therefore, inapposite.[63]  In that case the Court lifted a stay after the defendants filed a reexamination request and then an IPR petition on the same patent.  The Court found that "a strategy of raising piecemeal PTO challenges to Fifth Market's patents in order to prolong this litigation" weighed in favor of lifting the stay.[64]  Defendants have engaged in no such gamesmanship here.  Indeed, if anyone has engaged in delay-inducing litigation tactics, it is AMN.  The fact that AMN finds itself defending against serial reexamination or IPR requests is a

---

[60] *See Bonutti Skeletal*, 2014 WL 1369721, at * 2.

[61] *Id.* at *3.

[62] D.I. 30 (AMN Mot.) at 4.

[63] *See id.* (*citing Fifth Market Inc. v. CME Corp.*, 08-520-GMS, 2013 WL 3063461 (D. Del. June 19, 2013).

[64] *Fifth Market*, 2013 WL 3063461, at *1 n.1.

function of its own piecemeal litigation tactics and willingness to take inconsistent positions in different fora—not any machinations or serial filings by Defendants.

Finally, the status of the IPR proceedings does not counsel against a stay.  T-Mobile will file the IPR petition within a few weeks, and there is no reason to believe that the PTAB will not act "with all due haste, in compliance with its statutory obligation."[65]  Thus, the PTAB will likely decide whether to institute T-Mobile's IPR petition by June 2016.  In both *Bonutti Skeletal* and *In-Depth Test*, this Court granted a stay in favor of pre-institution IPR proceedings.  The Court should do the same here.

AMN's contention that this Court has "regularly decline[d] to grant stays where the *inter partes* review petition had not yet been granted" rests on misstatements and different circumstances.  In the first case AMN cites in support, *Neste Oil*, this Court **granted** a stay in favor of a not-yet-instituted IPR petition.[66]  In the other two cases, this Court declined to enter stays because the parties were direct competitors.[67]  That consideration is not present here.

## V.    CONCLUSION

To avoid the unnecessary expenditure and waste of the Court's and the parties' resources, the moving Defendants respectfully request the Court enter a stay for so long as T-Mobile's IPR petition is pending, with a provision to terminate the stay if T-Mobile's IPR Petition has not been accepted for filing by January 31, 2016.

---

[65] *Bonutti Skeletal*, 2014 WL 1369721, at *4.

[66] *Neste Oil OYJ*, 2013 WL 3353984.

[67] *See Davoll Inc. v. Atrium Med. Corp.*, 12-958-GMS, 2013 WL 3013343 (D. Del. June 17, 2013); *ImageVision.Net, Inc. v. Internet Payment Exch., Inc.*, 12-054-GMS, 2012 WL 5549338 (D. Del. Nov. 15, 2012).

YOUNG CONAWAY STARGATT
   & TAYLOR, LLP

/s/  *Anne Shea Gaza*
Anne Shea Gaza (#4093)
Samantha G. Wilson (#5816)
Rodney Square
100 North King Street
Wilmington, DE  19801
(302) 571-6600
agaza@ycst.com
swilson@ycst.com


OF COUNSEL:

Asim Bhansali
Adam Lauridsen
Justina K. Sessions
KEKER & VAN NEST LLP
633 Battery Street
San Francisco, CA 94111
(415) 391-5400

*Attorneys for Defendants T-Mobile US, Inc.*
*and T-Mobile USA, Inc.*

ROSS ARONSTAM & MORITZ LLP

/s/  *Benjamin J. Schladweiler*
Benjamin J. Schladweiler (#4601)
100 S. West Street, Suite 400
Wilmington, DE  19801
(302) 576-1600
bschladweiler@ramllp.com


OF COUNSEL:

Darcy L. Jones
Marcus A. Barber
KASOWITZ BENSON TORRES &
FRIEDMAN LLP
333 Twin Dolphin Drive
Suite 200
Redwood Shores, CA 94065
(650) 453-5170

*Attorneys for Defendant Cellco Partnership*
*d/b/a Verizon Wireless*


MORRIS, NICHOLS, ARSHT
  & TUNNELL LLP

/s/ *Karen Jacobs*
Karen Jacobs (#2881)
Jennifer Ying (#5550)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
kjacobs@mnat.com
jying@mnat.com

OF COUNSEL:

George J. Barry III
MCGUIRE WOODS LLP
1230 Peachtree Street, N.E.
Suite 2100
Atlanta, GA  30309
(404) 443-5500

David E. Finkelson
MCGUIRE WOODS LLP
One James Center
901 East Cary Street
Richmond, VA  23219
(804) 775-1000

Rachelle H. Thompson
MCGUIREWOODS LLP
434 Fayetteville Street, Suite 2600
Raleigh, NC  27601
(919) 755-6600

*Attorneys for Sprint Communications, Inc.,
Sprint Corporation, Boost Worldwide, Inc.,
Virgin Mobile USA, Inc., Virgin Mobile USA,
L.P., Clearwire Corporation, and Clearwire
Communications, L.L.C.*

Dated:  November 30, 2015

## CERTIFICATE OF SERVICE

I, Anne Shea Gaza, Esquire, hereby certify that on November 30, 2015, I caused to be

electronically filed a copy of the foregoing document with the Clerk of the Court using CM/ECF,

which will send notification that such filing is available for viewing and downloading to the

following counsel of record:

> Stephen B. Brauerman, Esquire
> Vanessa R. Tiradentes, Esquire
> Sara E. Bussiere, Esquire
> BAYARD, P.A.
> 222 Delaware Avenue, Suite 900
> P.O. Box 25130
> Wilmington, DE 19899
> *sbrauerman@bayardlaw.com*
> *vtiradentes@bayardlaw.com*
> *sbussiere@bayardlaw.com*
>
> *Attorneys for Plaintiff*
> *Advanced Media Networks, LLC*

I further certify that on November 30, 2015, I caused a copy of the foregoing

document to be served by e-mail on the above-listed counsel and the following:

> Eric W. Buether, Esquire
> Christopher M. Joe, Esquire
> Brian A. Carpenter, Esquire
> Mark D. Perantie, Esquire
> Niknaz Bukovcan, Esquire
> BUETHER JOE & CARPENTER, LLC
> 1700 Pacific Avenue, Suite 4750
> Dallas, TX 75201
> *Eric.Buether@BJCIPLaw.com*
> *Chris.Joe@BJCIPLaw.com*
> *Brian.Carpenter@BJCIPLaw.com*
> *Mark.Perantie@BJCIPLaw.com*
> *Niky.Bukovcan@BJCIPLaw.com*
>
> *Attorneys for Plaintiff*
> *Advanced Media Networks, LLC*

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

 */s/ Anne Shea Gaza*
Anne Shea Gaza (No. 4093)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
swilson@ycst.com

*Attorneys for Defendants T-Mobile US, Inc.*
*and T-Mobile USA, Inc. on Behalf of all Defendants*

2